**In re MIAMI COUNTY GRAND JURY DIRECTIVE TO CREAGER.**

[Cite as *In re Miami Cty. Grand Jury Directive
to Creager* (1992), 82 Ohio App.3d 269.]

Court of Appeals of Ohio,
Miami County.

No. 91–CA–50.

Decided Sept. 18, 1992.

*James D. Bennett,* Assistant Prosecuting Attorney, for appellee.

*University of Dayton School of Law* and *Susan W. Brenner,* for appellant.

*Robert L. Creager, pro se.*

FAIN, Presiding Judge.

Appellant Robert L. Creager has appealed from an order of the Miami County Common Pleas Court holding him in direct contempt for failure to comply with a directive of the Miami County Grand Jury requesting a handwriting exemplar, and ordering him incarcerated until such time as he shall provide a handwriting exemplar. Creager has averred indigency and has moved for the appointment of counsel to represent him in connection with his appeal.

This court appointed counsel to represent Creager for the limited purpose of briefing the issue of whether Creager was entitled to appointed counsel to represent him in connection with his appeal from his contempt citation. That briefing is now complete, and the motion to appoint counsel to represent Creager in connection with his appeal is now before us for decision. For the reasons that follow, we conclude that Creager's motion is well taken, and we will appoint counsel to represent Creager in connection with his appeal.

I

The judgment entry from which this appeal is taken is as follows:

"This matter came on to be heard August 19, 1991 upon the State's motion to show cause as to why the Defendant, Robert L. Creager, should not be held in contempt of Court for failure to comply with a directive of the Miami County Grand Jury requesting a handwriting exemplar and the Defendant, in Court, being addressed directly, and being ordered by the Court to provide a handwriting sample, did refuse to comply with the Court's order.

"Therefore, it is ORDERED, ADJUDGED AND DECREED that the Defendant, Robert L. Creager, be found in direct contempt of Court for failure to comply with a directive of the Miami County Grand Jury and an order of this court.

"It is further determined the remedy in this case shall be remedial and not punitive, since the Defendant holds the key to his release; ie: providing a handwriting sample.

"The Defendant, Robert L. Creager, shall be reconveyed to the Southern Ohio Correctional Facility, Lucasville, Ohio, Inmate No. 209007 and a holder shall be placed upon the Defendant to notify the Miami County Prosecutor's Office, Troy, Ohio one week in advance of his release for reconveyance to the Miami County Jail; by the Miami Sheriff's Department where he shall remain pursuant to O.R.C. 2705.06, until further order of the Court or until such time as he provides a handwriting exemplar."

Creager has filed a *pro se* brief that includes three assignments of error, all of which are based upon Creager's asserted Fifth Amendment right not to "be compelled in any criminal case to be a witness against himself." Creager also moved for the appointment of counsel at public·expense to represent him in connection with this appeal.

In response to Creager's motion, we appointed counsel to represent Creager for the limited purpose of briefing the issue of whether a person found in civil contempt of a grand jury for failure to comply with a directive to produce potentially incriminating evidence is entitled to appointment of counsel in appealing that civil contempt finding. That issue has been briefed and is now before us.

## II

As a threshold matter, the state argues that Creager's appeal is now moot because the order appealed from has expired in view of the fact that the term of the grand jury with respect to which the order was issued is now over. See *State v. Granchay* (1964), 1 Ohio App.2d 307, 30 O.O.2d 310, 204 N.E.2d 562.

We agree with Creager that the issue before us is capable of repetition, yet evading review, a recognized exception to mootness. *Roe v. Wade* (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147.

## III

Creager concedes that the proceeding from which his appeal is taken is civil, rather than criminal, but contends that he is entitled to the appointment of counsel at public expense by virtue of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States.

It is tempting to focus upon the unlikelihood that Creager will prevail in his appeal, it being settled that his asserted Fifth Amendment privilege does not apply to a nontestimonial act, such as a handwriting exemplar. *United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; *Gilbert v. California* (1967), 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; *California v. Byers* (1971), 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9. However, where an appellant has the right to appointed counsel, the failure to appoint counsel for him may never be deemed harmless by virtue of the futility of the appeal, but must be deemed to be prejudicial *per se. Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. Thus, if Creager is entitled to the appointment of counsel to represent him in connection with this appeal, we may not deny him that right based on the presumption that his appeal is doomed to fail.

A right to the appointment of counsel to represent an indigent in a civil contempt proceeding was found in *Schock v. Sheppard* (1982), 7 Ohio App.3d 45, 7 OBR 48, 453 N.E.2d 1292. In that case, the Sixth District Court of Appeals applied a three-factor balancing test articulated in *Lassiter v. Dept. of Social Serv. of Durham Cty.* (1981), 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640. These three factors are (1) the private interest that will be affected by the official action (appellant's liberty interests); (2) the risk that the procedures used will lead to erroneous decisions; and (3) the government's interest, including the fiscal and administrative burdens that appointment of counsel in such cases would entail. *Schock v. Sheppard, supra,* 7 Ohio App.3d at 46, 7 OBR at 49, 453 N.E.2d at 1294. The court found the first two factors to weigh heavily in favor of the contemnor, and further found that they outweighed the government's interest in avoiding the expense of paying for the services of appointed counsel. The court reasoned as follows:

"Balancing the three factors discussed above, and setting their net weight in the scales against the presumption that counsel should be appointed in cases where the defendant may lose his personal freedom, we conclude that the balance weighs overwhelmingly in favor of the indigent defendant's right to court-appointed counsel. We are cognizant of the fiscal burdens this will place on the government, but constitutional rights cannot be nullified simply because of the expense involved in ensuring that such rights are protected." *Schock,* 7 Ohio App.3d at 47, 7 OBR at 51, 453 N.E.2d at 1295.

The same three factors employed by the Sixth District Court of Appeals in *Schock v. Sheppard, supra,* were employed by the Ohio Supreme Court in *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813, in which the court held that an indigent defendant in a paternity case is entitled to court-appointed counsel.

In the case before us, Creager is subject to incarceration for as long as he continues to assert his alleged right not to produce a handwriting exemplar. He has presumably determined that his assertion of this alleged right is more important than his right not to be incarcerated. Pursuant to *Penson v. Ohio, supra,* we may not disparage Creager's asserted right not to produce a handwriting exemplar simply because we presume that his appeal on that issue is doomed to failure.

Finally, it cannot be said that Creager may produce the handwriting exemplar, thereby purging himself of contempt, and yet preserve his asserted Fifth Amendment privilege. The case before us is between Creager and the state of Ohio. Therefore, if it is determined in the case before us that Creager has no Fifth Amendment privilege with respect to his handwriting exemplar, that issue will be conclusively determined in any subsequent criminal proceeding between Creager and the state, under the doctrine of collateral estoppel.

We conclude that Creager's motion for the appointment of counsel to present him in connection with his appeal in view of his indigency is well taken.

## IV

Creager's motion for the appointment of counsel to represent him in connection with this appeal is sustained. This court will appoint counsel to represent Creager in connection with this appeal.

*Judgment accordingly.*

GRADY, J., concurs.

WILSON, J., dissents.

WILSON, Judge, dissenting.

The sole issue in this case is whether the indigent appellant has either a due process or equal protection right to the appointment of counsel in this appeal.

An absolute right to counsel exists "in all criminal prosecutions" under the Sixth Amendment where the penalty imposed is an absolute loss of liberty to which every citizen is entitled. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

It is also clear from the case law that loss of liberty is a factor to be weighed in favor of appointing counsel in noncriminal cases.

As a person's interest in liberty diminishes, so does his right to appointed counsel. *Lassiter v. Dept. of Social Serv. of Durham Cty.* (1981), 452 U.S.

18, 101 S.Ct. 2153, 68 L.Ed.2d 640. There is no *per se* right to counsel in parole or probation revocation hearings because the loss of liberty is a conditional loss and not an absolute loss, and because revocation proceedings are not "criminal prosecutions" within the meaning of the Sixth Amendment. However, there may be a due process right to appointed counsel. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

The Due Process Clause and the Equal Protection Clause require the appointment of counsel in juvenile delinquency proceedings which are akin to criminal prosecutions. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Equal protection and due process may require the appointment of counsel for indigent parents whose fundamental right to maintain a family is challenged by parental termination proceedings. *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66. This case also stated that the Equal Protection Clause may require the appointment of counsel for appeals because there is no due process guarantee of appeal.

The Ohio Supreme Court adopted a balancing test of three factors to determine whether due process requires the appointment of counsel where an indigent defendant faces the state as an adversary in a paternity suit. *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. The factors are "(1) the private interest affected, (2) the risk of error if current procedures are used versus the probative value of additional procedural safeguards, and (3) the burden which the proposed additional procedural safeguards would place upon the government."

The court found Cody's private interests to be substantial because of his pecuniary interest in avoiding the payment of support, his liberty interest threatened if he failed to pay support, and his compelling interest in the accuracy of the paternity determination. The court also found the risk-of-error factor to weigh in favor of Cody because the integrity of the paternity determination could be damaged absent counsel. The court further found that the state's monetary interest in refusing to provide counsel did not outweigh the other two factors. The court then held that the denial of court-appointed counsel violated due process guarantees.

In my view, Creager's private interests are not substantial. It is true that his conditional liberty is at stake. However, he has the key to void the order appealed from by simply providing his handwriting sample. His conditional liberty interest is further diminished by the fact that he is already incarcerated on a criminal offense unrelated to the proceedings before us.

It is also my view that the risk of error factor does not weigh in favor of the appellant. His future liberty interest may be at stake if his writing exemplar provides evidence of a crime. However, the anticipated use of his handwriting

evidence is not for its content; its proposed use is for identification purposes only. Assuming the writing exemplar provides evidence relevant to issues in a future criminal case, the accuracy of the identification evidence will be determined in the subsequent proceedings. The innocuous act of giving a handwriting sample simply does not have the finality that a judgment finding paternity has.

It is also settled law that evidence which is obtained by compulsion in violation of the Fifth Amendment or obtained by a seizure in violation of the Fourth Amendment is not admissible into evidence. If Creager ultimately provides the writing exemplars, his actions in doing so will result from coercion and are not voluntary. If Creager's constitutional rights are violated by the order of the trial court, he will get a second bite at the apple to challenge the violation if a criminal case develops in the future.

The majority does not weigh this factor in favor of the state as heavily as I do because it says that the second bite will be limited by the doctrine of collateral estoppel. This issue-preclusion doctrine applies only where the same issue has been fully litigated between the same parties in a prior judicial proceedings. The doctrine does not apply under the facts before us because the issues are not the same. The issue presently before us is whether counsel should be appointed. The issue in a motion to suppress the handwriting exemplars will be whether the evidence was obtained by violating constitutional rights.

The third factor weighs entirely in favor of the state. The appointment of counsel will be costly in both time and money on an issue which has been settled by the United States Supreme Court.

In my view, the balancing falls heavily in favor of the state. I would overrule the motion to appoint counsel and affirm the order of the trial court.

I see no point in appointing a lawyer at state expense in order to assist the appellant in pursuing his frivolous appeal.