**CITY OF GARFIELD HEIGHTS, Appellee,**

v.

**STEFANIUK, Appellant.**

[Cite as *Garfield Hts. v. Stefaniuk* (1998), 127 Ohio App.3d 293.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73154.

Decided April 27, 1998.

*James McGrath IV,* Garfield Heights Prosecutor, for appellee.

*Walter P. Bubna,* for appellant.

---

*Per Curiam.*

Appellant, Thomas Stefaniuk, appeals an order of the Garfield Heights Municipal Court finding him in contempt and an order denying his motion to mitigate sentence. For the following reasons, we reverse and remand.

Appellant pleaded no contest to driving without a valid license, speeding, and failure to wear a seat belt. As part of the plea bargain, $700 of fines and one hundred eighty days in jail were suspended, and appellant was order to do forty hours of community service.

Appellant appeared at trial without counsel. The journal entry of conviction and sentence was on a printed form. The form language stated:

"The Defendant was duly advised of his/her constitutional rights, and the provisions of O.R.C. Sections 2937.02 and 2937.07 were complied with by the Court."

Appellant failed to appear for his community service, failed to attend two meetings with his probation officer, and failed to attend a probation-violation hearing. Appellant wrote a letter to the court explaining that he had missed the probation meetings because he was attending Miami University in Oxford, Ohio. The court sent appellant a letter informing him that a hearing was set for September 3, 1997. The letter stated:

"Please notify your counsel of the above scheduled court date."

The purpose of the hearing was to hear contempt charges against appellant, but the letter did not state that appellant was charged with contempt.

On September 3, 1997, appellant appeared at the contempt hearing without counsel. Neither the transcript of the contempt proceedings nor the journal entry indicates that appellant was informed of his right to counsel or that appellant waived his right to counsel. At the hearing, appellant stated that he had not attended the community service because he had had a conflict with his summer job. Appellant was found in contempt and sentenced to thirty days in jail.

Appellant's motion for mitigation of the thirty–day sentence was denied.

After serving thirteen days of his sentence, appellant was released on bond by this court.

I

Appellant's first assignment of error states:

"The trial court erred to the substantial prejudice of the defendant–appellant by finding him in contempt and sentencing him to thirty (30) days in jail (for no operator's license and speeding), when the record is devoid of his knowing, intelligent and voluntary waiver of counsel and where the trial court failed to adequately inform him of his right to counsel, and the record is devoid of defendant being given an opportunity to defend himself."

There is a conflict in the appellate decisions concerning whether a contemnor in a *civil* contempt proceeding is entitled to *appointed* counsel. *In re Calhoun* (1976), 47 Ohio St.2d 15, 1 O.O.3d 10, 350 N.E.2d 665, held that in a civil contempt case, the contemnor did not have a right to appointed counsel. Some appellate districts continue to follow *Calhoun*. See *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 335, 16 OBR 377, 383–384, 475 N.E.2d 1284, 1291–1292; *Thomas v. Thomas* (Oct. 3, 1990), Summit App. No. 14581, unreported, 1990 WL 152898; *Recco v. Recco* (Apr. 20, 1992), Tuscawaras App. No. 91AP100075, unreported, 1992 WL 89967. Other districts hold that *Calhoun* has been overruled by *Lassiter v. Dept. of Social Serv. of Durham Cty.* (1981), 452 U.S. 18, 101 S.Ct.

2153, 68 L.Ed.2d 640. See *Schock v. Sheppard* (1982), 7 Ohio App.3d 45, 7 OBR 48, 453 N.E.2d 1292; *In re Miami Cty. Grand Jury Directive to Creager* (1992), 82 Ohio App.3d 269, 611 N.E.2d 881; *In re Estate of Straub* (Feb. 13, 1992), Ross App. No. 1728, unreported, 1992 WL 37781.

We need not reach the issue of whether a *civil* contempt proceeding requires appointed counsel for an indigent. This case involves whether the court must notify the contemnor of the right to counsel and obtain a valid waiver of the right to counsel in a *criminal* contempt proceeding.

█ Constitutional procedural due process requires that one charged with contempt of court have the right to be represented by counsel. *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 332, 16 OBR 377, 380–381, 475 N.E.2d 1284, 1288–1289, citing *In re Oliver* (1948), 333 U.S. 257, 275, 68 S.Ct. 499, 508–509, 92 L.Ed. 682, 695. R.C. 2705.03 also mandates that the contemnor has the right to counsel. *Courtney, supra; Cleveland v. Geraci* (Dec. 16, 1993), Cuyahoga App. No. 64075, unreported, 1993 WL 526652. In a criminal contempt proceeding, a contemnor must be informed of his right to counsel and must knowingly and voluntarily waive this right. *State v. Eyrich* (June 19, 1996), Monroe App. No. 745, unreported, 1996 WL 342200.

Furthermore, *Lassiter* sets out standards for determining when due process requires a certain procedure, such as informing the contemnor of his right to counsel. This court must balance (1) the privacy interest that will be affected by the official action, (2) the risk that without the procedure, erroneous decisions will result, and (3) the burden on the state in carrying out the procedure. *Lassiter, supra.*

█ In a criminal contempt proceeding, appellant's interest is that he may be deprived of his physical liberty. There is a presumption that if the litigant will be deprived of his physical liberty, the litigant has the right to counsel. *Lassiter, supra.* In a criminal contempt proceeding, the contemnor has a greater liberty interest at stake than in a civil contempt proceeding. See *Creager, supra,* 82 Ohio App.3d at 273, 611 N.E.2d at 884 (Wilson, J., dissenting). In a civil contempt proceeding, the contemnor has an opportunity to purge the contempt, while the contemnor in a criminal contempt proceeding does not. See *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610.

Requiring the court to inform the contemnor that he is entitled to have counsel present and requiring a valid waiver on the record do not place a great burden on the state, fiscal or otherwise. Failing to inform the contemnor of his right to counsel and failing to obtain a valid waiver may deprive a contemnor of legal representation and result in an erroneous ruling. See *Schock, supra.* Applying the three–pronged test of *Lassiter,* we find that procedural due process requires

that in a criminal contempt proceeding, the trial court inform the contemnor of his right to counsel and obtain a valid waiver of the right to counsel.

We must next determine whether the court satisfied its duty to inform appellant of his right to counsel and obtain a valid waiver. The notation on the record that appellant waived his right to counsel at his original trial is not sufficient to constitute a waiver at the contempt hearing. There was no indication on the record that appellant waived his right to counsel. A valid waiver of the right to counsel will not be presumed from a silent record. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309.

Additionally, appellant never received notice that he was being charged with contempt. R.C. 2705.03 and procedural due process require notice of the charge of contempt. *Courtney; Cleveland v. Geraci, supra; Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089.

The trial court failed to comply with procedural due process requirements. The judgment holding appellant in contempt must be reversed and the cause remanded for a new hearing. *Cleveland v. Geraci, supra; In re Davis* (1991), 77 Ohio App.3d 257, 602 N.E.2d 270.

Accordingly, this assignment of error is sustained.

## II

Appellant's second and third assignments of error state:

"The trial court erred in overruling defendant's motion for mitigation of sentence.

"The trial court erred in sentencing defendant–appellant to thirty (30) days in jail for contempt proceeding."

These assignments of error are moot, due to our disposition of appellant's first assignment of error.

Accordingly, these assignments of error are overruled as moot.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., PATTON and MICHAEL J. CORRIGAN, JJ., concur.