OPINION
Appellant Theresa Moran appeals the decision of the Tuscarawas County Court of Common Pleas finding her in contempt for violating orders regarding child support. Appellant and Appellee Charles Colaner were married on January 30, 1981 at Uhrichsville, Ohio. Two children were born to the parties: Charles Colaner on June 8, 1980 and Adam Colaner on August 26, 1983. A judgment entry granting divorce was filed on May 2, 1986 and granted custody of both sons to appellee father. At that time, the court did not order appellant mother to pay child support, but required that she utilize any health insurance she might obtain for the children through her employer. Three years later, appellee petitioned for a support order. The court ultimately ordered child support of $80 per month, per child, plus poundage, effective September 1, 1989. On January 9, 1991, the court increased support to $140 per month, per child, plus poundage. In addition, the court directed appellant to pay $20 per month on the existing arrearages. On March 3, 1993, following an administrative modification review by the Tuscarawas County Child Support Enforcement Agency ("CSEA"), the court allowed the support obligation to remain at $140 per month, per child, but ordered an additional $10 per month on arrearages. On April 20, 1994, the court found appellant in contempt, but did not order a jail sentence. On December 23, 1994 and April 23, 1997, the court overruled subsequent CSEA motions for contempt against appellant. On May 22, 1998, CSEA again filed a motion for contempt sanctions against appellant. At the initial hearing on July 6, 1998, the court advised appellant of her right to counsel and her right to appointed counsel if she were to be found unable to afford an attorney. The court further advised her of the potential for incarceration and/or fine upon a finding of contempt. The trial judge then set the matter for an evidentiary hearing on September 1, 1998. Prior to proceeding at the September hearing, the court inquired of appellant if she desired a review for the purpose of determining eligibility for court-appointed counsel. She responded in the negative and chose to proceed pro se. Following the hearing, the court found appellant in contempt for failure to pay child support or to take the necessary steps to ensure proper wage withholding of child support. The court sentenced appellant to thirty days in jail, but ordered fifteen of those days temporarily suspended, with the provision that they were to become permanently suspended provided appellant were to comply with all support orders. Appellant timely appealed and herein raises the following three Assignments of Error:
I. THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY FAILING TO ADVISE HER OF HER RIGHT TO COUNSEL AND TO PROVIDE COUNSEL IF HE (SIC) WERE INDIGENT. A. THE UNITED STATES CONSTITUTION REQUIRES THAT AN INDIGENT DEFENDANT BE AFFORDED THE RIGHT TO APPOINTED COUNSEL IN ANY PROCEEDING WHICH COULD RESULT IN INCARCERATION. B. THE LOWER COURT REFUSED TO APPOINT COUNSEL FOR ERNEST FRANCIS (SIC) IN SPITE OF KNOWLEDGE THAT APPELLANT WAS INDIGENT AND UNABLE TO AFFORD AN ATTORNEY. C. THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF LAW BY FAILING TO FOLLOW THE REQUIREMENT (SIC) OF REVISED CODE CHAPTER 2705.
II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION, IN THE PROCEEDINGS BELOW (SIC) THE TRIAL COURT: A. THE TRIAL COURT DID NOT ADVISE APPELLANT OF HER RIGHTS, UNDER THE 5TH AMENDMENT, AGAINST SELF-INCRIMINATION, AND VIOLATED APPELLANT'S RIGHTS IN THE PROCEDURES THAT FOUND APPELLANT IN CONTEMPT; 1. THE PROCEEDINGS IN THE TRIAL COURT WERE CONTEMPT PROCEEDINGS. 2. THE TRIAL COURT ERRED BY FAILING TO PROVIDE APPELLANT WITH THE DUE PROCESS PROTECTION WHICH ATTACH (SIC) TO CONTEMPT PROCEEDINGS.
III. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT WHEN SUCH A FIND (SIC) WAS CLEARLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
In his First Assignment of Error, appellant essentially argues that the trial court's procedures in addressing appellant's right to counsel denied appellant due process and equal protection of the law. We disagree.
Appellant, in her brief, provides an extensive review of caselaw which supports the proposition that alleged contemnors have a right to counsel when facing the possibility of incarceration. See, e.g., In re Neff (1969),20 Ohio App.2d 213; Schock v. Sheppard (1982), 7 Ohio App.3d 45. She further argues that an obligor who is found to be indigent is entitled to appointed counsel when facing contempt proceedings on issues of child support. Young v. Whitworth (S.D. Ohio 1981), 522 F. Supp. 759. A review of the record indicates that the trial judge gave the following advisory at the initial hearing on July 6, 1998:
THE COURT: Okay. Now, let me inform Mr. Colaner and Ms. Moran, the two non lawyers in the room, that there has been a motion for contempt. That's a motion where the Child Support Enforcement Agency has asked the court to conclude that Ms. Moran is in contempt of prior court orders in this case and that she should be sanctioned for that contempt.
The law requires that anyone who is the subject of a motion for contempt sanctions to be notified of the state action or the action that is being suggested to be taken by the court by the Child Support Enforcement Agency. And that that person then receive due process in addition to the notice that there is action that is being proposed, that there be a hearing scheduled to determine if the person is in violation of court orders, if it is a willful violation for which punitive sanctions can be imposed including incarceration and/or a fine.
Today's hearing is for the purpose of making sure that Ms. Moran is notified that she is the subject of that contempt motion. Obviously she has received that motion. She is notified of what the motion says, and Ms. Moran, let me apprise you that you have the right to be represented by an attorney in this case and if you cannot afford to pay an attorney you are entitled to an appointed lawyer because you could be incarcerated as a result of the motion being granted. And so what I intend to do today is to discuss that ability to afford to pay an attorney and if you are unable to do so I will appoint a lawyer. We will then schedule this motion for an evidentiary hearing at which again full rights of due process pertain.
* * * Tr. July 6, 1998 at 8-9.
The court then made inquiry of appellant regarding her and her present husband's income and determined that she was not eligible for an appointed attorney. The court stated to appellant that she could retain private counsel if desired. Tr. July 6, 1998 at 11-14. At the September 1, 1998 hearing, the judge made reference to a letter appellant recently had sent directly to the court indicating she was in the process of a divorce, living separate and apart from her husband, but still employed. The judge offered to inquire of her once again for the purpose of determining eligibility for appointed counsel. Appellant clearly declined the judge's proposal on the record. Tr. Sept. 1, 1998 at 4. At that point, the evidentiary hearing proceeded. Appellee contends that appellant thereby made a knowing, intelligent and voluntary waiver of counsel, pursuant to State v. Gibson (1976), 45 Ohio St.2d 366. Gibson mandates that a trial court must consider the totality of the circumstances before it can be satisfied that a waiver has been made knowingly, intelligently and voluntarily. Id. at 377. Our review of the transcript herein suggests that trial court went to great lengths to review the totality of the circumstances and carefully explain the nature of the contempt allegation, the possibility of incarceration, and basic court procedures. We find no error in the trial court's decision to allow appellant to proceed without an attorney. Appellant also cites the requirements of R.C. 2705 et seq. In particular, the Ohio Legislature addressed contempt of court in child support cases in R.C. 2705.031, which reads, in part, as follows: * * * (C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:
(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;
(2) Notice that the accused has a right to counsel, and that if the accused believes that he is indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;
(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;
(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a visitation order or decree.
* * *
Trial courts are required to substantially comply with the above statute. Kosovich v. Kosovich (Dec. 20, 1991), Lake App. No. 90-L-15-086, unreported, at 5-6. Turning to the notice served on appellant contemporaneously with CSEA's motion for contempt, we note that the language used is in substantial compliance with the requirements of the above statute. We find no merit in appellant's contention that the trial court denied appellant due process by allegedly failing to follow these statutory procedures. Appellant's first Assignment of Error is overruled.
 II.
Appellant's Second Assignment of Error reiterates several of the issues raised in her First Assignment, but chiefly asserts the position that the trial court denied her due process of law by failing to advise her of herFifth Amendment right against self-incrimination. We disagree. In Courtney v. Courtney (1984), 16 Ohio App.3d 329, a child support contemnor appealed his contempt finding on various constitutional grounds. In addressing the parameters of a contemnor's due process rights, the court held that procedural due process requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. Id. at 332, quoting In re Oliver (1948), 333 U.S. 257, 275. We note no mention of a specific requirement that a court advise a contemnor of his or herFifth Amendment right against self-incrimination. The cases cited by appellant, In the Matter of the Estate of Straub (Feb. 13, 1992), Ross App. No. 1728, unreported, and Francis v. Francis (August 8, 1990), Lawrence App. No 1925, unreported, both raised the issue at hand in their respective assignments of error, but in both instances, the Fourth District Court of Appeals found sufficient due process infringements on other grounds to obviate a specific holding on the proposed duty of a trial court judge to render a self-incrimination advisory in a contempt action. Appellant has thus provided no precedent to persuade us that she was constitutionally entitled to such an advisory as a child support contemnor under the facts of this case. Her position seemingly approaches a proposed mandate that trial judges deliver to alleged child support contemnors a full Miranda warning at every hearing. However, "* * * the Miranda litany is a palliative only against the unique pressures inherent in custodial interrogation. It is not a judicially crafted civics lesson, to be recited whenever someone might find it useful to hear." United States v. Kilgroe (1992),959 F.2d 802, 805. Due process does not require such an addition to the steps the court took in the case sub judice to ensure a fair hearing for all parties. Appellant's Second Assignment of Error is overruled.
 III.
In her Third Assignment of Error, appellant contends that the trial court's finding of contempt was against the manifest weight of the evidence. We disagree. A trial court's ruling on a motion in contempt will not be disturbed on appeal absent an abuse of discretion. Pingue v. Pingue (Nov. 6, 1995), Delaware App. No. 95-2006, unreported; Smith v. Smith (Mar. 3, 1997), Stark App. No. 96-CA-0285, unreported. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The record reveals that CSEA admitted, without objection, a payment record showing an arrearage of $10,090.55. Appellant stated she believed that certain tax intercepts had not been credited to this figure, but she otherwise admitted knowing she had an arrearage. She also admitted that she had not paid child support between August 1996 and January 1997. The CSEA payment record indicated a further lack of payment from December 2, 1997 until June 14, 1998. Additionally, appellant stated that she worked at the Dr. Shepus Clinic for approximately one month commencing in late January or early February 1998, then obtained employment at Objective Diagnostic Services. She testified that after one week of employment at Objective, she took a medical leave for approximately six to eight weeks, but did not substantiate with any documentation her inability to work during said period. The original child support order itself imports a finding of the court that she was able to pay and the burden was on her, by allegation and proof, to establish her inability to comply. State, ex rel. Cook, v. Cook (1902),66 Ohio St. 566, paragraph one of the syllabus; Pugh v. Pugh (1984),15 Ohio St.3d 136; Haren v. Fronsman (Mar. 21, 1994), Stark App. No. CA-9395, unreported. Based upon the foregoing and our review of the entire record, we do not find the trial court abused its discretion in finding appellant in contempt. Appellant's Third Assignment of Error is overruled.
For the reasons stated herein, we hereby affirm the judgment of the Court of Common Pleas, Tuscarawas County, Ohio.
By: Wise, P. J. Farmer, J., concurs. Hoffman, J. dissents.