OPINION
The City of Painesville, through its Building Department, filed fifteen charges of housing code, zoning, and property maintenance violations of the City Ordinances, Section 1367, in April 1999 (Lake App. No. 99-L-182) against appellant, George Petro. It also filed charges of a housing code violation, two zoning violations of Sections 1137 of the City Ordinances, and four property maintenance violations of Section 1349. The 1349 charges are minor misdemeanors, and the balance of the charges are fourth degree misdemeanors.
Lake App. No. 99-L-182. After continuances at appellant's request on August 9, 1999, nine counts in Lake App. No. 99-L-182 were dismissed and appellant pled guilty to six counts. Thereupon, the court sentenced appellant to one hundred eighty days in jail, suspending one hundred twenty days of the jail sentence, and placed him on probation for twelve months. The court ordered that the remaining sixty days of the jail sentence would commence October 1, 1999 and could be avoided if he completed repairs and continued to comply with the code.
Lake App. No. 99-L-181. On August 9, 1999, three counts were dismissed and appellant pled guilty to six counts. Thereupon, the court sentenced appellant to one hundred fifty days in jail, suspended ninety days, and placed him on probation for twelve months. As in the other case, the jail sentence was set to begin October 1, 1999, and could be avoided if he brought the property into compliance by that date.
On October 1, 1999, appellant filed a motion to stay execution of the jail sentence, which the court summarily denied. On October 6, 1999, appellant filed a motion for work release which was granted and appellant was released from jail between 10:00 a.m. and 2:00 p.m. Monday through Friday. On October 15, 1999, appellant filed a motion to enlarge work release time. The court granted the motion on October 22, 1999, scheduling a review in seven days "to see if corrections are being made on property." On October 22, 1999, the court, on its own motion, issued a warrant to discharge and appellant was released from the jail.
On October 28, 1999, appellant appeared, with counsel, at the direction of the court to consider the court's motion for modification. The court determined, by judgment filed October 29, 1999, that none of the violations had been cured or corrected and ordered that the appellant be remanded to jail to serve the balance of the sentence.
On November 5, 1999, the court released the appellant from jail and scheduled a review hearing for November 18, 1999. At that time, the court continued the hearing for one month.
Prior to the date of the continued hearing, the appellant filed the instant notice of appeal in each of the cases.
The notices of appeal, filed November 19, 1999, are directed to the October 29, 1999 judgment.
Appellant argues that his due process rights were denied at the court scheduled a hearing on October 28, 1999. He claims that, although represented by legal counsel:
 "There was [sic] no facts, evidence or stipulations before the court. The Defendant did not have the right to cross-examine witnesses against him. He was not afforded the right to present evidence in his own defense * * * the court did not permit his counsel to address the court or to present any evidence, thus denying the Defendant of [sic] his right of [sic] counsel."
 Appellant's reliance upon Garfield Heights v. Stefaniuk
(1998), 127 Ohio App.3d 293, is misplaced. There, the court held that an accused has a right to counsel in a criminal contempt hearing. Here, appellant was represented by counsel at all critical stages of the proceeding.
The legal platform within which the trial judge reviews issues of violation of terms of a sentencing order provides:
 "When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period." R.C. 2951.09.
Crim.R. 32.3(A) provides:
 "Revocation Hearing. The court shall not * * * revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing."
 Further, appellant has failed to demonstrate the claimed error by filing a transcript of testimony at the hearing. App.R. 9(B).
The first assignment of error is overruled.
Appellant claims that the double jeopardy provisions of theFifth Amendment to the U.S. Constitution, and Section 10, Article 1 of the Ohio Constitution, are violated here because there were "additions to a sentence that upset the Defendant's legitimate expectation of finality."State v. Jackson (1997), 123 Ohio App.3d 22.
Clearly, in the case sub judice, the suspended jail sentence and imposition of probation was calculated to encourage appellant to do those things necessary to bring the property into compliance with law. Throughout the entire proceedings, it is evident that the goal of the trial court was compliance with law, not punishment. Appellant had no legitimate expectation of finality in the original sentence of the court. To the contrary, the only reasonable expectation was that his conduct would be monitored and scrutinized by a court that was looking for civil compliance with the ordinances of the City of Painesville.
Further, the imposition of sentence at the later hearing does not impose any deprivation of liberty beyond what the court could have imposed in the first instance, and did suspend at sentencing.
The second assignment of error is overruled.
The assignments of error are without merit and the judgment of the trial court is hereby affirmed.
CHRISTLEY, P.J., O'NEILL, J., concur.
 _______________________ JUDGE JOHN R. MILLIGAN
JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.