THE STATE, EX REL. VENTRONE ET AL., APPELLEES, *v.*
BIRKEL, DIR., ET AL., APPELLANTS.

(No. 77-1114—Decided June 28, 1978.)

462.

■■■■■■■■■■■■■■■■■■■■

*Mr. Anthony Touschner,* for appellees.

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Ms. Mary Ann Kovach,* for appellants.

*Per Curiam.* The only question on appeal is whether the appellants have a statutory duty to establish standards of poor-relief payments "sufficient to maintain health and decency," with which failure to comply constitutes a valid basis for an action in mandamus. We hold that such a duty exists and that appellants have failed to comply with said duty.

The authority to administer a poor relief program and duty to furnish such relief to eligible persons has been imposed upon the welfare departments of the various counties, under R. C. 5113.02, which reads, in pertinent part, as follows:

"In each county the *county department of welfare shall exercise the powers* and *duties* assigned to the local relief authority or the local relief director under Chapter 5113 of the Revised Code *and shall furnish poor relief* to all persons who are eligible for such relief under this chapter." (Emphasis added.)

Under R. C. 5113.03, this duty which has been placed upon the county department of welfare to provide poor relief has been supplemented by the additional requirement that such poor relief "shall be sufficient to maintain health and decency, taking into account the requirements and the income and resources of the recipient." Therefore, it must syllogistically follow that in order to satisfy this requirement, it is imperative that appellants estab-

lish the requisite standards of payment, which they have failed to do.

We cannot agree with appellants' contention that R. C. 5113.09(D) places the duty to establish minimum standards of poor relief for health and decency upon the Department of Public Welfare. R. C. 5113.09 reads, in pertinent part:

"The department of public welfare shall:

"* * *

"(D) Determine the kinds and amounts of obligations for poor relief and the administration thereof on which state reimbursement will be based."

This statute merely refers to standards for poor relief payments as they relate to state reimbursement thereof. It cannot be inferred from this that such standards were intended by the General Assemby to reflect the required minimum standard for health and decency mandated under R. C. 5113.03. This is supported by the fact that at the time Resolution No. 1708-76 was adopted, Manual Transmittal Letter No. 295, dated June 21, 1976, had been issued by the state Director of Public Welfare, and stated in part: "(6) The minimum reimbursable standard allowance for general relief has been eliminated."

It would be an abrogation of the clear intent of the General Assembly that indigents in this state receive at least minimum subsistence support if we were to equate this zero-dollar base payment level with the statutorily-imposed standard of "health and decency" found in R. C. 5113.03.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., dissenting. I find no clear legal duty residing in these respondents to act in the manner sought by the writ.