OPINION
{¶ 1} Defendant, Anthony Brandon, appeals from a judgment finding him in contempt and sentencing him to thirty days in jail.
 {¶ 2} Brandon was charged with vehicular manslaughter in *Page 2 
September of 2004. He entered a no contest plea and was sentenced to 90 days in jail, which were suspended, five years of probation, and 500 hours of community service. The trial court also ordered Brandon to pay $1,000.00 in restitution. Brandon did not appeal this sentence.
 {¶ 3} In September of 2005, Brandon filed a motion asking to perform his community service in Athens County rather than Greene County. The trial court denied the motion. Brandon appealed, and on review we reversed the trial court's order denying Brandon's motion to perform his community service in Athens County because the trial court had failed to explain the basis of its denial of the motion. We also reduced the amount of community service from 500 hours to 200 hours, as required by R.C. 2929.27(A)(3) and R.C. 2903.06(A)(4), and remanded the case for further proceedings consistent with our opinion. State v. Brandon,Greene App. No. 2005-CA-117, 2006-Ohio-4930.
 {¶ 4} On October 30, 2006, the trial court issued an Entry and Order in Contempt Action, setting a hearing on November 21, 2006 regarding Brandon's failure to pay the $1,000.00 in restitution as directed in the previous sentencing. A contempt hearing was held on November 21, 2006. Brandon was not represented by counsel at the hearing. After the hearing, *Page 3 
the trial court found Brandon in contempt for not paying the restitution and not reporting his whereabouts to his probation officer. The trial court sentenced Brandon to thirty days in jail. Brandon filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT IN INDIRECT CRIMINAL CONTEMPT AND SENTENCED HIM TO JAIL, BECAUSE THE COURT FAILED TO PROVIDE APPELLANT WITH ANY OF HIS STATUTORY AND DUE PROCESS RIGHTS."
 {¶ 6} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. First Bank of Marietta v. Mascrete,Inc. (1998), 125 Ohio App.3d 257, 263, (citation omitted); R.C. 2705.02. We review a trial court's decision in a contempt proceeding on the abuse of discretion standard. Oak Hill Banks v. Ison, Jackson App. No. 03CA5,2003-Ohio-5547,_11 (citation omitted). "The term `abuse of discretion'connotes more than an error of law or judgment; it implies that thecourt's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (citations omitted).
 {¶ 7} Contempt is classified as either direct or indirect. Directcontempt involves "misbehavior in the presence of or so near the courtor judge as to obstruct the administration of justice." R.C. 2705.01. Incontrast, indirect contempt involves acts occurring outside the presenceof the court *Page 4 that demonstrate a lack of respect for the court or its lawful orders.R.C. 2705.02. Acts in direct contempt of court may be summarilypunished. R.C. 2705.01. However, when the contemptuous actions occuroutside the presence of the court, the court must afford the accused ahearing, at which he will have an opportunity to be heard, by himself orcounsel. R.C. 2705.03.
 {¶ 8} The contemptuous conduct cited by the trial court was Brandon'sfailure to pay restitution and to alert his probation officer that hewas not attending college. This conduct occurred outside the presence ofthe trial court and constitutes indirect contempt.
 {¶ 9} Beyond the classification of contempt as direct or indirect,courts further classify contempt as either civil or criminal. Thisdistinction depends largely upon the character and purpose of thepunishment imposed. In the case of civil contempt, the punishment isremedial or coercive, for the benefit of the complainant. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. The contemnor issaid to carry the keys of his prison in his own pocket, as he will befreed if he complies with the court order. Id. In contrast, thepunishment in a criminal contempt action generally consists of anunconditional prison sentence. Id. at 254. The imprisonment for criminalcontempt serves as punishment for the completed act of disobedience, andvindicates the authority of the court. Id.
 {¶ 10} The trial court imposed an unconditional thirty-day jail sentence upon Brandon. The trial court imposed this sentence as a punishment for Brandon's disobedience of a prior *Page 5 
order of the court. Therefore, the thirty-day unconditional jail sentence was punishment for indirect criminal contempt.
 {¶ 11} "`The most important consequences arising from this classification of contempts [as either civil or criminal] is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings.'" Brown,64 Ohio St.2d at 252, quoting State v. Kilbane (1980), 61 Ohio St.2d 201, 205. Among other things, the contemnor has the right to due process.Winkler v. Winkler (1991), 81 Ohio App.3d 199, 202.
 {¶ 12} In addition to the due process right to notice of the charges and an opportunity to be heard concerning them, procedural due process provides that one charged with criminal contempt of court has the right to be represented by counsel. In re Davis (1991),77 Ohio App.3d 257; Courtney v. Courtney (1984), 16 Ohio App.3d 329, 332, citingIn re Oliver (1948), 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682. In a criminal contempt proceeding, an unrepresented contemnor must be informed of his right to counsel and that counsel will be appointed to represent him if he is indigent, and he must knowingly and voluntarily waive the right. Garfield Hts. v. Stefaniuk (1998), 127 Ohio App.3d 293,296-97 (citation omitted). *Page 6 
 {¶ 13} The transcript from the November 21, 2006 contempt hearing reflects that Brandon appeared pro se. The record contains no indication that the trial court ever advised Brandon of his constitutional right to counsel, nor is there any indication that he knowingly and voluntarily waived this right. A valid waiver of the right to counsel will not be presumed from a silent record. Brook Park v. Kirsch (2000),138 Ohio App.3d 741, 746, citing Carnley v. Cochran (1962), 369 U.S. 506, 516,82 S.Ct. 884, 8 L.Ed.2d 70. Accordingly, we find that the trial court abused its discretion by failing to inform Brandon of his constitutional right to counsel and failing to obtain a knowing and voluntary waiver of this right before commencing the contempt proceedings.
 {¶ 14} The assignment of error is sustained. The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this opinion.
 BROGAN, J. and FAIN, J., concur. *Page 1