Hoover, J.
{¶ 1} Appellant, William A. Smith ("Smith"), appeals the judgment of the Meigs County Court of Common Pleas finding him guilty of contempt and sentencing him to 30 days in jail and a $250 fine, plus court costs. In this case, the appellant, William A. Smith, is not the original defendant, Forrest Frazier. Smith was the alleged victim in the case against Frazier. In the proceedings against Frazier, Smith failed to appear pursuant to a subpoena; and he was found to be in contempt of court and sentenced. Smith timely appealed the trial court's judgment.
{¶ 2} On appeal, Smith primarily contends that he was denied his right to counsel during the contempt hearing. He also claims that he was denied the right to sufficient time to prepare a defense, the right to a jury trial, and the right to call and subpoena witnesses.
{¶ 3} Upon consideration, we conclude that Smith's due process rights were violated during the contempt hearing. "In a criminal contempt proceeding, a contemnor must be informed of his right to counsel and must knowingly and voluntarily waive this right ." (Emphasis added.) Oak Hill Banks v. Ison , 4th Dist. Jackson No. 03CA5, 2003-Ohio-5547, 2003 WL 22386806, ¶ 2, citing Garfield Hts. v. Stefaniuk , 127 Ohio App.3d 293, 296-97, 712 N.E.2d 808 (1998), citing State v. Eyrich , 7th Dist. Monroe No. 745, 1996 WL 342200 (June 19, 1996). Here, the trial court failed to correctly inform Smith of his right to counsel. The trial court also failed to obtain a valid waiver of counsel before proceeding *14 with the contempt hearing. Thus, Smith's right to counsel was violated; and he is entitled to a new hearing on the charge.
{¶ 4} Accordingly, we reverse the judgment of the trial court and remand the matter for proceedings consistent with this decision.
I. Facts and Procedural History
{¶ 5} On December 28, 2015, a Meigs County Grand Jury indicted Forrest Frazier ("Frazier") on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The State of Ohio alleged that Frazier bit part of Smith's ear off during a physical altercation in November 2015. Frazier pleaded not guilty; and the case was set for trial.
{¶ 6} On September 27, 2016, Smith was personally served with a subpoena requiring him to appear as a witness at the Meigs County Courthouse on September 29, 2016. That morning, however, Smith failed to appear; and after the State was unable to locate him, the case against Frazier was dismissed.
{¶ 7} Shortly thereafter, Smith was charged with contempt for failing to obey the subpoena. Smith appeared before the trial court on October 4, 2016 where he indicated that he wanted to be represented by counsel. The trial court scheduled the hearing on the charge for the next day, giving Smith roughly 24 hours to find counsel.
{¶ 8} The next day, when the parties were back in court, the following exchange took place:
The Court: And as I recall, we were here yesterday. Mr. Smith, you asked for additional time in which to seek counsel. And I note that you are here without counsel. * * * [I]t's my understanding this charge is supposed to be heard as quickly as possible. Does that sound about right?
Prosecutor Fisher: That's my understanding of it, Your Honor, and in this case, we did issue bail, we did give defendant twenty-four (24) hours to locate an attorney before we proceed on this. The penalties were read to him at that time, which could include up to thirty (30) days in local jail as well as a two hundred and fifty dollar ($250.00) fine and potential costs of the action to be given to him for this. So, the State is ready to proceed. We do have Officer Mark Griffin, or Deputy Mark Griffin here again today as he was here present for it yesterday as well.
The Court: Mr. Smith, I think the ball is back in your court. I note you're here without counsel. Did you want to have counsel? And I know it was a short period of time, but according to what I understand from the statute, it's got to be done kind of quickly.
[Smith]: Yes, sir. I'd like ...
The Court: Do you have counsel?
[Smith]: No, at, right now, no. I can't use the lawyer that I usually use because he represented Forrest Frazier.
The Court: Okay. Uh the Court is going to go ahead. This is the second time the officer has been here. I have no idea how this is going to come out, but it ... We're going to go ahead and proceed. Certainly, you have the right to get a counsel, you know, get an attorney or something like that based upon what may or may not happen. So, is there ... Are there any opening statements from either side?
{¶ 9} After hearing the parties' evidence, the trial court found Smith guilty of contempt and sentenced him to 30 days in jail and a $250 fine, plus court costs.
{¶ 10} Smith timely appealed.
*15 II. Assignment of Error
{¶ 11} Smith assigns the following error for our review:
Assignment of Error:
THE TRIAL COURT ERRED BY DENYING APPELLANT'S CONSTITUTIONAL RIGHTS, INCLUDING, BUT NOT LIMITED TO: THE RIGHT TO DUE PROCESS, RIGHT TO COUNSEL, RIGHT TO SUFFICIENT TIME TO PREPARE A DEFENSE, RIGHT TO A JURY TRIAL, AND RIGHT TO CALL AND SUBPOENA WITNESSES.
III. Law and Analysis
{¶ 12} On appeal, Smith generally contends that he was denied due process during his contempt hearing. Specifically, he argues that he was denied his right to counsel when the trial court held the contempt hearing without giving him sufficient time to find counsel or obtaining a waiver of counsel. He also argues that by holding the contempt hearing roughly 24 hours after his initial appearance, he was denied sufficient time to prepare a defense and call and subpoena witnesses. Finally, he claims that the trial court did not inform him of his qualified right to a jury trial. Because Smith's brief focuses primarily on whether he was denied his right to counsel, we consider that issue first.
A. Standard of Review
{¶ 13} We will not reverse a trial court's decision in a contempt proceeding absent an abuse of discretion. State ex rel. Ventrone v. Birkel , 54 Ohio St.2d 461, 377 N.E.2d 780 (1981). "A trial court abuses its discretion when it is unreasonable, arbitrary, or unconscionable." Jenkins v. Jenkins , 4th Dist. Lawrence No. 14CA30, 2015-Ohio-5484, 2015 WL 9589598, ¶ 39, citing Cullen v. State Farm Mut. Auto. Ins. Co., 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." State v. Hampton , 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, 2015 WL 5833958, ¶ 9, quoting In re Jane Doe 1, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).
B. Civil v. Criminal Contempt
{¶ 14} Contempt is classified as either civil or criminal. "Because all contempt involves some type of sanction or punishment, the distinction between civil and criminal contempt is usually based on the purpose to be served by the sanction." Liming v. Damos, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 12, citing State ex rel. Corn v. Russo, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). " 'Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance.' " Pugh v. Pugh, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984), quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). In contrast, the sanction for criminal contempt serves as punishment for the completed act of disobedience and vindicates the authority of the court. Brown v. Executive 200, Inc. , 64 Ohio St.2d 250, 254, 416 N.E.2d 610 (1980). The sanction in a criminal contempt action generally consists of an unconditional jail sentence. Id. at 254, 416 N.E.2d 610.
C. Rights in Criminal Contempt Proceedings
{¶ 15} "[C]riminal contempt is a crime in every fundamental respect * * *." Bloom v. Illinois , 391 U.S. 194, 201, 88 S.Ct. 1477, 1482, 20 L.Ed.2d 522 (1968). "The most important consequences arising from this classification of contempts *16 is that many of the significant constitutional safeguards required in criminal trials are also present in criminal contempt proceedings." Brown at 252, 416 N.E.2d 610, quoting State v. Kilbane , 61 Ohio St.2d 201, 400 N.E.2d 386 (1980).
{¶ 16} Perhaps the most significant of these rights is the right to due process. Winkler v. Winkler , 81 Ohio App.3d 199, 202, 610 N.E.2d 1022 (1991). "Due process 'requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel , and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.' " (Emphasis added.) Courtney v. Courtney , 16 Ohio App.3d 329, 332, 475 N.E.2d 1284 (3d Dist. 1984), quoting In re Oliver , 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948).
D. Smith's Due Process Rights Were Violated When the Trial Court Did Not Inform Smith of His Right to Counsel During the Contempt Hearing and Obtain a Valid Waiver of That Right Before Proceeding With the Hearing
{¶ 17} Whether Smith was entitled to counsel largely depends on whether the contempt proceeding was criminal in nature. After finding Smith guilty of contempt, the trial court imposed an unconditional 30 days in jail and a $250.00 fine. The trial court reiterated multiple times that he was imposing that penalty as punishment for Smith's failure to comply with the subpoena. For instance, it stated, "It's not about me. It's not about you. * * * It's about the proper administration of justice. And the proper administration of justice is [when] you [are] issue[d] a subpoena, you got to show up. And that's the way it is." Thus, because Smith's sanction served to punish him for disobeying the subpoena and vindicate the authority of the court, the contempt proceeding was criminal in nature.
{¶ 18} "In a criminal contempt proceeding, a contemnor must be informed of his right to counsel and must knowingly and voluntarily waive this right ." (Emphasis added.) Oak Hill Banks, v. Ison , 2003-Ohio-5547, 2003 WL 22386806, at ¶ 2, citing Garfield Hts. v. Stefaniuk , 127 Ohio App.3d 293, 296-97, 712 N.E.2d 808 (1998), citing State v. Eyrich , 7th Dist. Monroe No. 745, 1996 WL 342200 (June 19, 1996).
{¶ 19} Smith stated at the start of the hearing that he wanted to be represented by counsel. When the trial court asked Smith whether he had counsel, Smith stated, "Not at, right now, no. I can't use the lawyer that I usually use because he represented Forrest Frazier." The trial court replied, "Okay. Uh the Court is going to go ahead. This is the second time the officer has been here. * * * We're going to go ahead and proceed. Certainly, you have the right to get a counsel, you know, get an attorney or something like that based upon what may or may not happen. So, is there ... Are there any opening statements from either side?"
{¶ 20} The State concedes that Smith "did not openly state on the record that he wished to proceed without counsel." It argues, however, that Smith waived his right to counsel by not informing the trial court that he wanted more time to obtain counsel or that he wanted the court to appoint him counsel. We find this argument unpersuasive.
{¶ 21} A waiver of the right to counsel will not be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
*17 "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Id .
{¶ 22} Here, it was incumbent upon the trial court to inform Smith of his right to counsel and to obtain a waiver of that right before proceeding with the hearing. The trial court told Smith that he "certainly * * * ha[d] the right to get counsel * * * or something like that based upon what may or may not happen [at the hearing]." However, Smith had the right to be represented by counsel during the hearing. The record shows that Smith wanted to exercise that right and never waived it.
{¶ 23} Because the trial court did not correctly inform Smith of his right to counsel nor did it obtain a valid waiver of counsel, Smith's due process rights were violated; and Smith is entitled to a new hearing on the charge. E.g. , State v. Brandon , 2d. Dist. Greene No. 06-CA-137, 2008-Ohio-403, 2008 WL 308455, ¶ 13 (finding of contempt reversed and remanded where trial court did not advise defendant of his right to counsel and defendant did waive this right); Poptic v. Poptic , 12th Dist. Butler No. CA2005-06-145, 2006-Ohio-2713, 2006 WL 1493262, ¶ 16 (finding of contempt reversed and remanded where defendant's request for an opportunity to obtain was denied, and the record did not demonstrate any waiver of his right to counsel).
{¶ 24} Having concluded that Smith's due process rights were violated with respect to his right to counsel, we need not consider his remaining arguments. See App.R.12(A)(2).
{¶ 25} Accordingly, we reverse the judgment of the trial court and remand the matter for proceedings consistent with this decision.
JUDGMENT REVERSED AND CAUSE REMANDED.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.