[Cite as *In re D.S.S.*, 2020-Ohio-5388.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| D.S.S. | : | |
| | | **CASE NO.  2020-P-0042** |
| | : | |
| | : | |

Appeal from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2017 JCA 00356.

Judgment: Reversed.

*Victor V. Vigluicci,* Portage County Prosecutor, *Pamela J. Holder* and *Brandon J. Wheeler,* Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH  44266 (For Appellee, State of Ohio).

*Jason A. Whitacre,* Flynn, Keith & Flynn, 214 South Water Street, Kent, OH  44240 (For Appellant, Brian Pavelko).

*Leonard J. Breiding, II,* 4825 Almond Way, Ravenna, OH  44266 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, Brian Pavelko, appeals the decision of the Portage County Court of Common Pleas, Juvenile Division, holding him in contempt of court.  For the reasons stated herein, the judgment of the lower court is reversed.

{¶2}  The underlying case involves a delinquent complaint of rape filed against a minor, D.S.S.  A motion was filed to allow D.S.S. and the minor victim, M.H., half-brothers, to have contact with each other.  In preparation for a hearing on the motion,

the guardian ad litem ("GAL") for M.H. served subpoenas to three employees of Children's Advantage, where M.H. was believed to have received counseling services: Krysta Gattozzi, Kelly Szydlowski, and Brian Pavelko. However, at the direction of Children's Advantage's executive management, none of the three employees appeared at the February 2020 hearing. Mr. Pavelko sent a letter from Children's Advantage to the GAL notifying them that D.S.S. was not a client, that they would not appear, and that they had tried to contact the GAL without success. This letter was dated five days before the hearing but not received until after the hearing. No motion to quash or limit was filed in regard to these subpoenas.

{¶3} Upon their failure to appear, the trial court issued an order to show cause against each employee. The arguments and evidence from Mr. Pavelko's hearing was incorporated in full into the hearings of Ms. Gattozzi and Ms. Szydlowski. At each hearing, the court found each employee in contempt. Mr. Pavelko was sentenced to 15 days in the Portage County jail and assessed a $250.00 fine and court costs; the jail sentence and $150.00 of the fine were suspended on the condition that he attend the next hearing scheduled for March 2, 2020 and that he obey all subpoenas issued to him in Portage County for one year. It was subsequently determined Mr. Pavelko did not have information pertinent to the underlying case, and the court excused him from the March 2, 2020 hearing. He appealed his sentence and filed a stay of execution, which the lower court granted.

{¶4} On appeal, Mr. Pavelko assigns two errors for our review. The first states:

{¶5} The trial court abused its discretion in finding Appellant in criminal contempt of court.

2

{¶6} Findings of contempt by the trial court are reviewed for abuse of discretion. *Matter of G.M.,* 11th Dist. Trumbull No. 2016-T-0092, 2017-Ohio-8145, ¶18. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.2004).

{¶7} R.C. 2705.02 states in pertinent part:

{¶8} A person guilty of any of the following acts may be punished as for a contempt:

{¶9} * * *

{¶10} (C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required[.]

{¶11} "'Contempt is defined in general terms as disobedience of a court order.'" *In re Hards*, 175 Ohio App.3d 168, 2008-Ohio-630, ¶62 (11th Dist.), quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001). "'It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.'" *Hards, supra,* citing *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus.

{¶12} Contempt may be either indirect or direct. The Ohio Supreme Court has defined direct contempt as misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process." *In re Lands*, 146 Ohio St. 589, 595 (1946). Indirect contempt, on the other hand, is "committed outside the presence of the court but which also tends to obstruct

3

the due and orderly administration of justice." *Id.* See also, *In re Purola*, 73 Ohio App.3d 306, 310 (3rd Dist.1991). Here, it is apparent and without dispute that this case involved indirect contempt.

{¶13} Additionally, contempt may be either civil or criminal in nature. "'If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil. * * * Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order. * * * Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence or fine. * * * Its sanctions are punitive in nature, designed to vindicate the authority of the court.'" *Id.* at 311, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988). Accord, *Russo, supra*.

{¶14} "'Any sanction imposed for civil contempt must afford a contemnor the right to purge himself of the contempt.' * * * The punishment for criminal contempt, by contrast, 'is "punishment for the completed act of disobedience" and usually consists of fines and/or an unconditional period of incarceration.'" *Cleveland v. Goodman*, 8th Dist. Cuyahoga No. 108120, 2020-Ohio-2713, ¶30, quoting *Camp-Out, Inc. v. Adkins*, 6th Dist. Wood No. WD-06-057, 2007-Ohio-3946, ¶21. See also, *Purola, supra*.

{¶15} In distinguishing between civil and criminal contempt, "the courts have most often considered the character and purpose of the contempt sanctions." *Hards, supra,* at ¶63. "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980).

4

{¶16} Here, the imposition of 15 days in jail and $100.00 of the fine were suspended on the condition that Mr. Pavelko attend the next hearing scheduled for March 2, 2020 and that he obey all subpoenas issued to him in Portage County for the next year. However, the remaining $100.00 fine of the sanction was not contingent on Mr. Pavelko's compliance or noncompliance and does not appear from the record to be compensation for loss or damages to the court or any other party. Indeed, the court expressly noted that it had the power to impose attorney fees and that it would not. "A sanction for civil contempt must allow the contemnor to purge himself of the contempt." *Cleveland v. Ramsey*, 56 Ohio App.3d 108, 110 (8th Dist.1988), citing *Tucker v. Tucker*, 10 Ohio App.3d 251 (10th Dist.1983). Thus, it appears that the court intended this sanction to be punitive and we find the sanction to be criminal in nature.

{¶17} "'"[M]any of the significant constitutional safeguards required in criminal trials are also present in criminal contempt proceedings."'" *State v. Frazier*, 4th Dist. Meigs No. 16CA15, 2017-Ohio-7221, ¶15, quoting *Brown, supra,* at 252, quoting State v. Kilbane, 61 Ohio St.2d 201 (1980). This includes the right to due process. *Id.; Segovia v. Likens*, 179 Ohio App.3d 256, 2008-Ohio-5896, ¶25 (10th Dist.). "'Due process "requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation."'" *Frazier, supra*, at ¶16, quoting *Courtney v. Courtney*, 16 Ohio App.3d 329, 332 (3d Dist.1984), quoting *In re Oliver*, 333 U.S. 257, 275 (1948).

{¶18} "[T]he standard of proof required in criminal contempt proceedings is proof of guilt beyond a reasonable doubt and a contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt." *Brown, supra.* Moreover, "in cases of criminal, indirect contempt, it must be shown that the alleged contemnor intended to defy the court." *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 127 (1991), citing *Rowe v. Standard Drug Co.*, 132 Ohio St. 629, 646 (1937). *See also State v. Urich,* 9th Dist. Medina No. 18CA0078-M, 2019-Ohio-3138, ¶6. "'In an effort to ascertain an alleged contemnor's intent, the court must consider the totality of the circumstances.'" *Weisgarber v. Weisgarber*, 5th Dist. Stark No. 2015CA00158, 2016-Ohio-676, ¶10, quoting *In re West,* 5th Dist. Knox. No. 14CA22, 2015-Ohio-1501, ¶19. "'An appellate court, when reviewing a trial court's finding of indirect criminal contempt, must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor purposely, willfully, or intentionally violated a prior court order.'" *Weisgarber, supra,* quoting *West, supra.*

{¶19} Here, however, the trial court made no finding of guilt beyond a reasonable doubt and did not address the element of intent. No testimony or evidence was presented to show that Mr. Pavelko acted intentionally; indeed, Mr. Pavelko consistently argued that he did not intend to defy the court. Accordingly, the trial court erred in finding him guilty of indirect criminal contempt of court. *See Maynard v. Elliott*, 9th Dist. Lorain No. 02CA008067, 2002-Ohio-5260.

6

{¶20} As we find merit to Mr. Pavelko's first assignment of error, his second assignment of error asserting the alternative theory of civil contempt of court need not be addressed.

{¶21} In light of the foregoing, the judgment of the Portage County Court of Common Pleas, Juvenile Division, is reversed.

TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.