[Cite as *In re D.S.S.*, 2020-Ohio-5386.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| D.S.S. | : | |
| | : | **CASE NO.  2020-P-0039** |
| | : | |
| | : | |

Appeal from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2017 JCA 00356.

Judgment:  Reversed.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Brandon J. Wheeler,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Appellee, State of Ohio).

*Jason A. Whitacre,* Flynn, Keith & Flynn, 214 South Water Street, Kent, OH  44240 (For Appellant, Krysta Gattozzi).

*Leonard J. Breiding, II,* 4825 Almond Way, Ravenna, OH  44266 (Guardian ad litem).



CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Krysta Gattozzi, appeals the decision of the Portage County Court of Common Pleas, Juvenile Division, holding her in contempt of court.  For the reasons stated herein, the judgment of the lower court is reversed.

{¶2}   The underlying case involves a delinquent complaint of rape filed against a minor, D.S.S.  A motion was filed to allow D.S.S. and the minor victim, M.H., half-brothers, to have contact with each other.  In preparation for a hearing on the motion,

the guardian ad litem ("GAL") for M.H. served subpoenas to three employees of Children's Advantage, where M.H. was believed to have received counseling services: Krysta Gattozzi, Kelly Szydlowski, and Brian Pavelko. However, at the direction of Children's Advantage's executive management, none of the three employees appeared at the February 2020 hearing. A letter from Children's Advantage was sent to the GAL notifying them that they would not appear; however, it was not received until after the hearing. No motion to quash or limit was filed in regard to these subpoenas.

{¶3} Upon their failure to appear, the trial court issued an order to show cause against each employee. The arguments and evidence from Mr. Pavelko's hearing was incorporated in full into the hearings of Ms. Gattozzi and Ms. Szydlowski. At each hearing, the court found each employee in contempt. Ms. Gattozzi was sentenced to ten days in the Portage County jail and assessed a $250.00 fine and court costs; the jail sentence and $225.00 of the fine were suspended on the condition that she obey all court subpoenas issued in Portage County for one year. It was also determined that Ms. Gattozzi had no pertinent information related to the underlying case and the court excused her from attendance at the rescheduled hearing for which she was originally subpoenaed. She appealed her sentence and filed a stay of execution, which the lower court granted.

{¶4} On appeal, Ms. Gattozzi assigns two errors for our review. The first states:

{¶5} The trial court abused its discretion in finding Appellant in criminal contempt of court.

{¶6} Findings of contempt by the trial court are reviewed for abuse of discretion. *Matter of G.M.,* 11th Dist. Trumbull No. 2016-T-0092, 2017-Ohio-8145, ¶18.

An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.2004).

{¶7} R.C. 2705.02 states in pertinent part:

{¶8} A person guilty of any of the following acts may be punished as for a contempt:

{¶9} * * *

{¶10} (C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required[.]

{¶11} "'Contempt is defined in general terms as disobedience of a court order.'" *In re Hards*, 175 Ohio App.3d 168, 2008-Ohio-630, ¶62 (11th Dist.), quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001). "'It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.'" *Hards, supra,* citing *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus.

{¶12} Contempt may be either indirect or direct. The Ohio Supreme Court has defined direct contempt as misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process. * * *" *In re Lands*, 146 Ohio St. 589, 595 (1946). Indirect contempt, on the other hand, is "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *Id.* See also, *In re Purola*, 73

3

Ohio App.3d 306, 310 (3rd Dist.1991). Here, it is apparent and without dispute that this case involved indirect contempt.

{¶13} Additionally, contempt may be either civil or criminal in nature. "'If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil. * * * Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order. * * * Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence or fine. * * * Its sanctions are punitive in nature, designed to vindicate the authority of the court.'" *Id.* at 311, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988). Accord, *Russo, supra.*

{¶14} "'Any sanction imposed for civil contempt must afford a contemnor the right to purge himself of the contempt.' * * * The punishment for criminal contempt, by contrast, 'is "punishment for the completed act of disobedience" and usually consists of fines and/or an unconditional period of incarceration.'" *Cleveland v. Goodman*, 8th Dist. Cuyahoga No. 108120, 2020-Ohio-2713, ¶30, quoting *Camp-Out, Inc. v. Adkins*, 6th Dist. Wood No. WD-06-057, 2007-Ohio-3946, ¶21. See also, *Purola, supra.*

{¶15} In distinguishing between civil and criminal contempt, "the courts have most often considered the character and purpose of the contempt sanctions." *Hards, supra,* at ¶63. Here, the court's sentence, except $25.00 in fines, was suspended "on the condition that [Ms. Gattozzi] obey all court subpoenas issues in Portage County, Ohio, to any court, within the next year." In this, the court was not asking her to do something she had refused to do. She did not have the ability to impact any of her sentence by obedience; only by further violation could her sentence be reinstated.

4

Moreover, just after sentencing her, the court expressly dismissed her from future proceedings, acknowledging she did not have any pertinent information. Thus, she was not afforded the opportunity to "purge [herself] of the contempt" indicating this sentence was intended to be punitive.

{¶16} This is further evidenced by the language of the court post-sentencing: "I cannot and will not endorse anybody not appearing for a subpoena that's been duly served and again, I understand your situation, ma'am, but I'll tell you what, the executive involved in this should be condemned for what they did to you and what they've done to the Court, and you can take that message back to them, too. I'm pretty offended by the whole thing * * *." The court also suggested that she ask Children's Advantage to reimburse her for the fine imposed.

{¶17} In light of this, we agree with Ms. Gattozzi that the court intended to punish her for her failure to comply with a subpoena, not compel her immediate compliance, and thus the finding of contempt was criminal in nature, not civil.

{¶18} "'"[M]any of the significant constitutional safeguards required in criminal trials are also present in criminal contempt proceedings."'" *State v. Frazier*, 4th Dist. Meigs No. 16CA15, 2017-Ohio-7221, ¶15, quoting *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 252 (1980), quoting State v. Kilbane, 61 Ohio St.2d 201 (1980). This includes the right to due process. *Id.; Segovia v. Likens*, 179 Ohio App.3d 256, 2008-Ohio-5896, ¶25 (10th Dist.). "'Due process "requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of

5

defense or explanation.'"" *Frazier, supra*, at ¶16, quoting *Courtney v. Courtney*, 16 Ohio App.3d 329, 332 (3d Dist.1984), quoting *In re Oliver*, 333 U.S. 257, 275 (1948).

{¶19} "[T]he standard of proof required in criminal contempt proceedings is proof of guilt beyond a reasonable doubt and a contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt." *Brown, supra*. Moreover, "in cases of criminal, indirect contempt, it must be shown that the alleged contemnor intended to defy the court." *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 127 (1991), citing *Rowe v. Standard Drug Co.*, 132 Ohio St. 629, 646 (1937). *See also State v. Urich,* 9th Dist. Medina No. 18CA0078-M, 2019-Ohio-3138, ¶6*.* "'In an effort to ascertain an alleged contemnor's intent, the court must consider the totality of the circumstances.'" *Weisgarber v. Weisgarber*, 5th Dist. Stark No. 2015CA00158, 2016-Ohio-676, ¶10, quoting *In re West,* 5th Dist. Knox No. 14CA22, 2015-Ohio-1501, ¶19. "'An appellate court, when reviewing a trial court's finding of indirect criminal contempt, must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor purposely, willfully, or intentionally violated a prior court order.'" *Weisgarber, supra,* quoting *West, supra*.

{¶20} Here, however, the trial court made no finding of guilt beyond a reasonable doubt and did not address the element of intent. No testimony or evidence was presented to show that Ms. Gattozzi acted intentionally; indeed, Ms. Gattozzi consistently argued that she did not intend to defy the court, but would have obeyed had she known she was still required to attend despite her employers' instructions to the contrary. Accordingly, the trial court erred in finding her guilty of indirect criminal

6

contempt of court. *See Maynard v. Elliott*, 9th Dist. Lorain No. 02CA008067, 2002-Ohio-5260.

{¶21} Ms. Gattozzi's first assignment of error has merit.

{¶22} As we find merit to Ms. Gattozzi's first assignment of error, her second assignment of error asserting the alternative theory of civil contempt of court need not be addressed.

{¶23} In light of the foregoing, the judgment of the Portage County Court of Common Pleas, Juvenile Division, is reversed.

TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.